IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

DANIEL CHRISTOPHER ENGLAND                                                                PLAINTIFF

v.                                            CIVIL NO. 22-CV-1017

KILOLO KIJAKAZI, Acting Commissioner                                                      DEFENDANT
Social Security Administration

## MEMORANDUM OPINION

Plaintiff, Daniel England, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for supplemental security income ("SSI") under Title XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. § 1382. In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405 (g).

Plaintiff protectively filed his application for SSI on February 3, 2019. (Tr. 11). In his application, Plaintiff alleged disability beginning on September 23, 2013, due to back injury, muscle spasms, and right leg pain. (Tr. 58, 74). An administrative hearing was held on December 10, 2020, at which Plaintiff appeared telephonically with counsel and testified. (Tr. 34-50). A vocational expert ("VE"), Beverly Majors, also testified. (Tr. 50).

On January 29, 2021, the ALJ issued an unfavorable decision. (Tr. 8–22). The ALJ found that Plaintiff suffered from the following severe impairments: degenerative disc disease, residual effects of lumbar surgery, coronary artery disease, residual effects of cardia stenting, and obesity. (Tr. 13). The ALJ also found the Plaintiff had nonsevere impairments of well-controlled

hypertension, mild asthma, and sleep apnea treated with CPAP. (Tr. 13-14). The ALJ then found that Plaintiff's medically determinable mental impairments of affective disorder and anxiety disorder, when considered singly and in combination, did not cause more than minimal limitation in Plaintiff's ability to perform basic mental work activities and were, therefore, nonsevere. (Tr. 14-15).

The ALJ found Plaintiff's impairments did not meet or medically equal the severity of any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 15–16). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform sedentary work as defined in 20 C.F.R. §404.1567(a) except that Plaintiff can occasionally climb ramps and stairs but can never climb ladders, ropes and scaffolds; must avoid temperature extremes; must avoid work at unprotected heights or around dangerous mechanical parts; is limited to occasional operation of foot controls on the right; and can alternate between sitting and standing for 1-2 minutes occasionally without being off task or away from the workstation. (Tr. 16–21). The ALJ found Plaintiff was unable to perform any of his past relevant work as an EMT/paramedic, and applied the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2, and found that Plaintiff was not disabled pursuant to Medical-Vocational Rule 201.28. (Tr. 21–22). The ALJ found Plaintiff was not disabled from September 23, 2013, through December 31, 2018, the date last insured. (Tr. 22).

After the Appeals Council denied a request for review, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 15, 19).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F. 3d 576, 583 (8th Cir.

2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff raises the following issue on appeal: (1) whether substantial evidence supports the ALJ's Step 3 analysis and residual functional capacity (RFC) findings; and (2) whether the ALJ properly analyzed a check-sheet opinion by Jeffrey Adair, M.D. (ECF No. 15). Plaintiff first argues that Plaintiff's conditions satisfy Listing 1.04A and Listing 1.04C, citing multiple medical records from 2013-2020, and contending the ALJ's RFC assessment does not account for Plaintiff's limitations. Specifically, Plaintiff says that he continues to have "positive SLR, weakness, muscle spasms, radiculopathy, right foot drop, need for a cane, and the side-effects of his medication" as well as pain. (ECF No. 15, p.12). Plaintiff says he also has limitations with his weight (morbid obesity) which the ALJ's original hypothetical did not address; Plaintiff contends the RFC determination "does not properly account for the combined effects of his impairments." *Id.,* at p.14. Plaintiff argues the ALJ erred in discrediting the opinion of Plaintiff's treating physician, Dr. Adair, who had completed an RFC assessment which outlined Plaintiff's

3

limitations. *Id.* Plaintiff says Dr. Adair's opinions – which included consideration of Plaintiff's medical records and an abnormal MRI – should be entitled to proper weight.

Defendant responds that the ALJ made proper determinations as Plaintiff, who bears the burden of showing he matches all criteria at Step 3, did not prove presumptive disability Listing 1.04A or Listing 1.04C, for spinal disorders. Defendant points out that the ALJ considered these Listings and thoroughly explained why Plaintiff did not meet his evidentiary burden on this medical determination, observing Plaintiff's failure to demonstrate nerve root compression and related observations for Listing 1.04A, or lumbar spinal stenosis with psuedoclaudication for Listing 1.04C. (ECF No. 19). At most, says Defendant, Plaintiff illustrated a positive straight leg raise on the right which is insufficient to meet Listing 1.04A, and illustrated only occasional use of a single cane, insufficient under Listing 1.04C's "inability to ambulate" requirement. While Plaintiff made multiple citations in his brief to the medical record, Defendant says that Plaintiff still has not identified medical evidence corresponding and satisfying Listing 1.04A or Listing 1.04C's exacting requirements. With respect to his obesity argument, Defendant contends that Plaintiff's arguments were waived; that no specific weight establishes obesity as a severe impairment or that obesity will increase the risk of developing other impairment; and that to the extent relevant, the ALJ consider Plaintiff's obesity at Step 3 and when determining Plaintiff's RFC. Defendant argues that Plaintiff's request for a more limited hypothetical question to the vocational expert – unsupported by the evidence – is irrelevant to the ALJ's analysis. (ECF No. 19). Finally, Defendant says that the law governing Plaintiff's claim law does not require the ALJ to defer or give any specific evidentiary weight to any medical opinion, including medical opinions from a treating source such as Dr. Adair. 20 C.F.R. § 404.1520c(a). Thus, says Defendant, the ALJ was within her authority to give the "cursory, check-box opinion" of Dr. Adair little weight

in light of "Plaintiff's testimony about his abilities, Plaintiff's demonstrated independent functioning, objective findings in the record as a whole, his routine outpatient care and his lack of restrictions in the treatment record." (ECF No. 19, p.6).

The Court has reviewed the entire transcript and the parties' briefs and agrees that the ALJ's decision was supported by substantial evidence. The ALJ appropriately considered all of the evidence of record, and her RFC determination was based upon substantial evidence. With respect to Plaintiff's argument concerning the ALJ's treatment of the opinion of Dr. Adair, the Court revisits the ALJ's determination that Dr. Adair's check-box opinion, submitted on December 7, 2020, was unpersuasive. (Tr. 20). In particular, the ALJ viewed Dr. Adair's assessment of Plaintiff's physical abilities as unsupported by medically acceptable clinical laboratory findings, and inconsistent with the Plaintiff's own testimony and his description of his lifestyle and daily activities, to include consideration of his right-hand tremor; the ALJ went into some detail about the inconsistencies between Dr. Adair's "practically helpless" description of Plaintiff and Plaintiff's own testimony. (Tr. 20). Of importance to the ALJ was the observation that there is a "scarcity of objective medical findings concerning the [Plaintiff's] functional limitations and restrictions due to pain and other symptoms." (Tr. 20). The Court rejects Plaintiff's argument as it does find the ALJ's consideration and treatment of Dr. Adair's opinion as unpersuasive to be in error, either legally or factually. *Fentress v. Berryhill*, 854 F.3d 1016, 1020 (8th Cir. 2017) (finding that if a treating physician's opinion is inconsistent with other substantial evidence, such as physical examinations or claimant's daily activities, the ALJ may discount or disregard the opinion).

For the reasons stated in the ALJ's well-reasoned opinion, Plaintiff's appellate arguments cannot prevail as the Court finds that the record as a whole reflects substantial evidence to support the ALJ's decision.

Accordingly, the ALJ's decision is hereby summarily affirmed, and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010) (district court summarily affirmed the ALJ).

**IT IS SO ORDERED** this 25th day of September 2023.

*Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE